UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Supercom Inc.,

                               *Plaintiff*,            Case No.:

              *- against -*

                                        **Jury Trial Demanded**

911inet LLC, and John Doe Corporations 1-5 d/b/a    **COMPLAINT**
Specialty Location Services,

                                 *Defendants*.
----------------------------------------------------------------X

Plaintiff Supercom Inc. ("**Plaintiff**" or "**Supercom**"), by and through its attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge, brings this complaint against Defendants 911inet LLC ("**911inet**"), and John Doe Corporations 1-5 d/b/a Specialty Location Services ("**Specialty Location Services**", or the "**John Doe Defendants**", and together with 911inet, the "**Defendants**") and states as follows:

## NATURE OF THE ACTION

1. This action arises out of Defendants breach of that certain reseller agreement made by and between Supercom and Specialty Location Services dated June 4, 2019 (the "**Contract**").

2. Specialty Location Services entered into the Contract with Plaintiff to induce Plaintiff to, *inter alia*, lease certain electronic monitoring hardware and software.

3. Plaintiff fulfilled its obligations under the Contract and Specialty Location Services has failed to pay the agreed amount due thereunder in the amount of no less than $168,836.46.

4. Supercom has additionally sued 911inet because Defendants' principal, Javier Garcia, failed to operate the Corporate Defendants as entities legally separate and apart from one

1

another.

5. Supercom thus brings this action against Defendants for the breach of the Contract and conversion, or in the alternative claims sounding in unjust enrichment/*quantum meruit*, and for related relief.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction based on diversity pursuant to 28 U.S.C. § 1332(a)(1) because this case is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. As set forth more fully below, Plaintiff is a citizen of New York and Defendants are citizens of Alabama.

7. The Court also has subject matter jurisdiction of this case pursuant 28 U.S.C. § 1337.

8. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) and (c), because Plaintiff maintains its principal place of business in the Southern District of New York, and because the terms of the Contract confer this Court with *in personam* jurisdiction and states, in relevant part, as follows:

> "This Agreement shall be governed by the law of the State of New York, and the competence courts of New York, NY."

## THE PARTIES

**PLAINTIFF SUPERCOM INC.**

9. Plaintiff Supercom Inc. is a global provider of advanced safety, identification and security solutions to governments and organizations, both private and public, throughout the world. Supercom contracts with governments and commercial customers to provide, *inter alia*, electronic monitoring, identification and security products.

10. Plaintiff Supercom Inc. was and is a domestic corporation organized and existing under the laws of the State of New York.

**DEFENDANT 911INET LLC**

11. Upon information and belief, Defendant 911inet LLC was and is a domestic corporation organized and existing under the laws of the State of Alabama, with a principal place of business at 1803 Crawford Road, Phenix City, Alabama, 36867.

**DEFENDANT JOHN DOE CORPORATIONS 1-5 D/B/A SPECIALTY LOCATION SERVICES**

12. The John Doe Defendants are entities or persons not presently known to Plaintiff but who were organized for the purpose of operating or assisting with the operation of Defendant 911inet LLC.

13. The true names of the John Doe Defendants are unknown to Plaintiff at this time, and Plaintiff will seek leave to amend this Complaint to state their true names when they have been ascertained.

**DEFENDANTS ARE OPERATING AS ALTER EGOS**

14. Defendants' principal, Javier Garcia, possesses operational control over the Defendants, possesses an ownership interest in Defendants, and controls significant functions of Defendants.

15. Upon information and belief, Defendants' principal, Javier Garcia, fails to operate Defendants as entities legally separate and apart from one another, by, among other things:

    a. failing to adhere to the corporate formalities necessary to operate Defendants as separate and legally distinct entities;

    b. defectively forming or maintaining Defendants, by among other things failing to

        hold annual meetings or maintaining appropriate corporate records;

  c.    transferring assets and debts freely as between all Defendants;

  d.    operating Defendants for his own benefit as the majority shareholder;

  e.    operating Defendants for his own benefit and maintaining control over it as a closed corporation or closely controlled entity;

  f.    intermingling assets and debts of his own with Defendants;

  g.    diminishing and/or transferring assets of Defendants to protect his own interests; and

  h.    other actions evincing a failure to adhere to the corporate form.

## FACTUAL ALLEGATIONS

16. On or around June 4, 2019, Plaintiff and Specialty Location Services entered into the Contract.

17. Pursuant to the terms of the Contract, Plaintiff was and is entitled to payment of, *inter alia*, $168,836.46 for products and services provided thereunder.

18. Plaintiff performed all of its obligations under the Contract.

19. Plaintiff presented Defendants with multiple invoices seeking payment for those services in the amount of $168,836.46.

20. The invoices were presented to Defendants on or around November 30, 2019, December 31, 2020, January 31, 2020, February 28, 2020, March 17, 2020, March 31, 2020, April 20, 2020, April 30, 2020, March 31, 2020, June 30, 2020, and July 31, 2020. Defendants received the invoices.

21. Defendants have failed to pay Plaintiff the past-due amount of $168,836.46.

## FIRST CLAIM
### (Breach of Contract)

22. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

23. Plaintiff and Defendants entered into a valid and binding contract.

24. Plaintiff performed any and all conditions precedent and obligations for which it is seeking payment under the Contract.

25. Defendants are indebted to Plaintiff for services rendered under the Contract, in the amount of $168,836.46.

26. Although Plaintiff has demanded payment, Defendants have failed to pay.

27. Plaintiff has been damaged by Defendants' non-payment.

## SECOND CLAIM
### (Account Stated)

28. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

29. Plaintiff and Defendants entered into the Contract, pursuant to which Plaintiff provided certain products and services in exchange for payment from Defendants.

30. Plaintiff presented Defendants with multiple invoices seeking payment for those products and services in the amount of $168,836.46. The invoices were presented to Defendants on or around November 30, 2019 (Invoice No. 1521), December 31, 2020 (Invoice No. 1540), January 31, 2020 (Invoice No. 1543), February 28, 2020 (Invoice No. 1563), March 17, 2020 (March 17, 2020 demand letter), March 31, 2020 (Invoice No. 1567), April 20, 2020 (April 20, 2020 demand letter), April 30, 2020 (Invoice No. 1589), March 31, 2020 (Invoice No. 1593), June 30, 2020 (Invoice No. 1606), and July 31, 2020 (Invoice No. 1619).

31. Defendants received the invoices.

32. Defendants did not object to the amount stated as owing on the invoices dated 30, 2019 (Invoice No. 1521), December 31, 2020 (Invoice No. 1540), January 31, 2020 (Invoice No. 1543), February 28, 2020 (Invoice No. 1563), March 17, 2020 (March 17, 2020 demand letter), March 31, 2020 (Invoice No. 1567), April 20, 2020 (April 20, 2020 demand letter), April 30, 2020 (Invoice No. 1589), March 31, 2020 (Invoice No. 1593), June 30, 2020 (Invoice No. 1606), and July 31, 2020 (Invoice No. 1619).

33. Defendants have failed to pay Plaintiff the partial past-due amount of $168,836.46.

34. By failing to object to the account stated, Defendants accepted the account stated as correct and promised to pay the account stated.

35. By reason of the foregoing, Plaintiff is entitled to the balance due on the account stated in the amount not less than $168,836.46.

### THIRD CLAIM
### (Conversion)

36. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

37. On or around June 4, 2019, the parties entered into the Contract.

38. By the terms of the Contract, Defendants agreed to lease certain equipment from Plaintiff, consisting of:

      a. PureTag Bracelets;

      b. PureTrack Smartphones;

      c. PureCom Base Stations;

        d.   Beacons;

        e.   PureTrack Smartphone Chargers;

        f.   PureCom Base Station Chargers;

39.     A true and correct list of all the equipment Defendants leased from Plaintiff is annexed hereto as **Exhibit "A"**.

40.     Plaintiff is the rightful owner of the equipment, and is entitled to immediate possession thereof.

41.     By their conduct, Defendants have violated the terms of the Contract, and Plaintiff's rights thereunder.

42.     To date, Defendants have failed to return Plaintiff's equipment.

43.     The failure and refusal of Defendants to return the equipment to Plaintiff constitutes a conversion of the equipment.

44.     By reason of the foregoing, Plaintiff is entitled to judgment against Defendants in the value of the equipment, an amount to be determined at trial.

## FOURTH CLAIM
### (Alternative Claim for Relief – *Quantum Meruit*)

45.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

46.     As described more fully above, Defendants requested Plaintiff's services to, *inter alia*, provide, electronic monitoring, identification and security products.

47.     Defendants accepted and benefited from the services Plaintiff rendered to Defendants.

48.     The services rendered by Plaintiff had a fair and reasonable value.

49.     Defendants failed to pay for the goods or services rendered.

50. By reason of the foregoing, Plaintiff is entitled to judgment against Defendants in an amount to be determined at trial.

## FIFTH CLAIM
### (Alternative Claim for Relief – Unjust Enrichment)

51. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

52. Plaintiff is entitled to be compensated for the products and services he provided to Defendants.

53. From November 2019 through the present date, Plaintiff provided, and continues to provide products and services to Defendants.

54. Defendants accepted and benefited from the products and services Plaintiff rendered to Defendants.

55. Based upon the representations made by Defendants, Plaintiff reasonably expected to receive compensation for the services rendered to Defendants.

56. Defendants failed to compensate Plaintiff for such products and services.

57. Defendants have been unjustly enriched, to Plaintiff's detriment, by the benefits conferred and services performed by Plaintiff for which he has not been compensated.

58. The conversion by Defendants of Plaintiff's equipment further unjustly enriches Defendants to the detriment of Plaintiff.

59. The circumstances are such that equity and good conscience require Defendants to make restitution to Plaintiff.

60. By reason of the foregoing, Plaintiff is entitled to judgment against Defendants in an amount to be determined at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, hereby demands judgment in its favor and against Defendants as follows:

(a) On the First Cause of Action, awarding damages to Plaintiff in the amount of $168,836.46, plus interest as allowed by law;

(b) On the Second Cause of Action, awarding damages to Plaintiff in the amount of $168,836.46, plus interest as allowed by law;

(c) On the Third Cause of Action, awarding damages to Plaintiff in the amount of an amount to be determined at trial, plus interest as allowed by law;

(d) On the Fourth Cause of Action, awarding damages to Plaintiff in the amount of an amount to be determined at trial;

(e) On the Fifth Cause of Action, awarding damages to Plaintiff in the amount of an amount to be determined at trial;

(f) Such other relief as this Court deems just and proper.


Dated: New York, New York
October 2, 2020

Respectfully submitted,

By: /s/ Joshua Levin-Epstein
Joshua D. Levin-Epstein
Levin-Epstein & Associates, P.C.
420 Lexington Avenue, Suite 2525
New York, NY 10170
Tel: (212) 792-0046
Email: Joshua@levinepstein.com
*Attorneys for Plaintiff*