Todd Wengrovsky - TW4823
Law Offices of Todd Wengrovsky, PLLC.
285 Southfield Road, Box 585
Calverton, NY 11933
Tel (631) 727-3400

*Attorney for Defendants*

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
SUPERCOM, INC.,

                Plaintiff,

      -against-                         Index No. 20-CV-8228 (JSR)

911INET LLC, JOHN DOE CORPORATIONS 1-5,
D/B/A SPECIALTY LOCATION SERVICES,

                Defendants.
------------------------------------------------------------------X

**DEFENDANTS' MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I. PRELIMINARY STATEMENT**

Upon the Affidavit of Javier Garcia dated December 16, 2021, this is submitted in opposition to the Motion for Summary Judgment filed by Plaintiff Supercom, Inc. The motion should be denied because the incorrect Defendants were named in this lawsuit, and because key triable issues of fact remain.

**II. BACKGROUND AND FACTS**

Specialized Location Services was a business that offered services for monitoring offenders for court ordered compliance, from 2010 to March, 2019. Javier Garcia was the CEO of such business. (Garcia Affidavit, Paragraph 2).

Plaintiff Supercom, Inc. is a manufacturer and distributor of electronic monitoring equipment for offenders. (Garcia Affidavit, Paragraph 3).

Specialized Location Services entered into a Reseller Agreement with Plaintiff dated June 4, 2019, wherein Specialized Location Services was to market Plaintiff's electronic monitoring products to certain territories. There were no other parties to the Reseller Agreement besides Plaintiff and Specialized Location Services. (Garcia Affidavit, Paragraph 4).

A payment dispute developed between the parties to the Reseller Agreement in March and April of 2020, resulting in Plaintiff claiming in this lawsuit that Plaintiff is owed a balance of $247,800.38, inclusive of interest at an aggressive interest rate.

## III. ARGUMENT: PLAINTIFF'S MOTION SHOULD BE DENIED

### A. STANDARD OF REVIEW

Per Federal Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249.

In determining whether genuine issues of material fact exist, the Court must resolve all ambiguities and draw all justifiable inferences in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *Holt v. KMI-Continental Inc.*, 95 F.3d 123, 129 (2d Cir. 1996).

Here, if one draws all reasonable inferences in favor of Defendants, it is clear that there is more to this case than the recitations in the Complaint. For the purposes of example, an incorrect Defendant was named in the case, it is unclear which equipment was returned to

Plaintiff by third parties to offset any amounts due, and Plaintiff continued to improperly invoice Defendants after their relationship was terminated. Therefore, there are multiple genuine issues of material fact, and Plaintiff is simply not entitled to summary judgment at this time.

### B.  THE WRONG DEFENDANTS ARE NAMED IN THIS ACTION

As noted herein, Specialized Location Services was a business that offered services for monitoring offenders for court ordered compliance, from 2010 to March, 2019. Javier Garcia was the CEO of such business. (Garcia Affidavit, Paragraph 2).

Plaintiff Supercom, Inc. is a manufacturer and distributor of electronic monitoring equipment for offenders. (Garcia Affidavit, Paragraph 3).

Specialized Location Services entered into a Reseller Agreement with Plaintiff dated June 4, 2019, wherein Specialized Location Services was to market Plaintiff's electronic monitoring products to certain territories. There were no other parties to the Reseller Agreement besides Plaintiff and Specialized Location Services. (Garcia Affidavit, Paragraph 4).

A payment dispute developed between the parties to the Reseller Agreement in March and April of 2020, resulting in Plaintiff claiming in this lawsuit that Plaintiff is owed a balance of $247,800.38, inclusive of interest at an aggressive interest rate.

However, Plaintiff named "Specialty Location Services" in this lawsuit, not Mr. Garcia's actual former business Specialized Location Services. To Mr. Garcia's knowledge, there has never been a business known as "Specialty Location Services." (Garcia Affidavit, Paragraph 5).

Regardless, Mr. Garcia disputes the total balance asserted by Plaintiff. After the parties' relationship ended in the Spring of 2020, and after the Plaintiff took over Specialized Location Services' relevant customers, Plaintiff continued to invoice Specialized Location Services, unfairly padding the alleged balance due. (Garcia Affidavit, Paragraph 6).

Plaintiff also incorrectly argues that it is owed the value of the equipment at issue. However, it is Mr. Garcia's understanding that Plaintiff already collected the equipment in question in the process of taking over Defendants' customers. Therefore, Defendants owe Plaintiff nothing relative to the equipment. (Garcia Affidavit, Paragraph 7).

Next, Defendant 911inet, LLC had no contract with the Plaintiff, no relationship with the Plaintiff, and, in fact, had nothing to do with the Plaintiff or this litigation. This can not be any more clear from the agreement itself. Therefore, Defendant 911inet, LLC does not owe Plaintiff any amount of money. (Garcia Affidavit, Paragraph 8).

Furthermore, Specialized Location Services – the signatory to the Agreement at issue - ceased all business operations some time ago. Specialized Location Services has been out of business since 2020, and is now being formally dissolved as a limited liability company. (Garcia Affidavit, Paragraph 9).

Specialized Location Services has no real property, no funds, and no tangible assets of any kind. (Garcia Affidavit, Paragraph 10).

At the time they filed the Complaint, Plaintiff knew full well that Specialized Location Services was out of business, and they only included 911inet, LLC in the Complaint in an inappropriate effort to force a settlement payment because 911inet, LLC is owned by Javier Garcia. (Garcia Affidavit, Paragraph 11).

In an attempt to pull 911inet, LLC into this case, Plaintiff argues that Mr. Garcia failed to operate 911inet, LLC as a separate legal entity.  This is simply untrue, and Plaintiff clearly has no evidence to support this self-serving theory. Mr. Garcia always operated the two businesses separately. Otherwise, Mr. Garcia would have had just one business. (Garcia Affidavit, Paragraph 12).

Plaintiff primarily relies on the fact that both businesses, Specialized Location Services and 911inet, LLC, were located at the same address. That, in itself, is not nearly enough to support Plaintiff's accusation, as it is common in the business world for a person to have multiple businesses with the same address.  (Garcia Affidavit, Paragraph 13).

In addition, it is of zero consequence whether Mr. Garcia ever e-mailed Plaintiff from a 911inet, LLC address or otherwise listed such e-mail address somewhere out of convenience. Mr. Garcia could have just as easily sent a communication to Plaintiff from his own personal account, or from a friend's or relative's account. (Garcia Affidavit, Paragraph 14).

It also makes no difference that Mr. Garcia was listed as the registered agent for both businesses. (Garcia Affidavit, Paragraph 15).

Finally, Mr. Garcia does not, and has never referred to 911inet, LLC and Specialized Location Services interchangeably. (Garcia Affidavit, Paragraph 16).

Plaintiff's claim against 911inet, LLC is an inappropriate stretch that must be ignored. Holding a completely separate, unrelated entity like 911inet, LLC liable under these circumstances would set a highly troubling precedent. (Garcia Affidavit, Paragraph 17).

The fact of the matter is that there are many individuals that own more than one business. It would be illogical, terribly unfair, and thoroughly disruptive if <u>every</u> business owned by an individual was liable for the acts or omissions of every *other* business owned by the same individual *just because of such ownership*.

Because 911inet, LLC should be therefore removed from this case, and because Specialized Location Services no longer exists, this entire case should be dismissed immediately. (Garcia Affidavit, Paragraph 18).

## IV. CONCLUSION

In sum, Plaintiff's Motion for Summary Judgment should be denied because the incorrect Defendants were named in this lawsuit, and because key triable issues of fact remain.

Dated:   November 12, 2021                    Respectfully submitted,
          Calverton, New York

<u>/s/ Todd Wengrovsky</u>
Todd Wengrovsky - TW4823
Law Offices of Todd Wengrovsky, PLLC.
285 Southfield Road, Box 585
Calverton, NY 11933
Tel (631) 727-3400
Fax (631) 727-3401
*Attorney for Defendants*