UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SUPERCOM, INC.,

                                    Plaintiff,

          -against-

911INET LLC, JOHN DOE CORPORATIONS 1-5,
D/B/A SPECIALTY LOCATION SERVICES,

                                   Defendants.
------------------------------------------------------------------X

**AFFIDAVIT IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Index No. 20-CV-8228 (JSR)

JAVIER GARCIA, being duly sworn, states under the penalty of perjury as follows:

1. I am the principal of Defendant 911iNet LLC, and I was the principal of a company known as Specialized Location Services. I make this Affidavit in support of Defendants' Motion to Dismiss.

2. I was the CEO of Specialized Location Services from 2010 to 2020. Specialized Location Services was a business that offered services for monitoring offenders for court ordered compliance.

3. Plaintiff is a manufacturer or distributor of electronic monitoring equipment for offenders.

4. Specialized Location Services entered into a Reseller Agreement with Plaintiff dated June 4, 2019, wherein Specialized Location Services was to market Plaintiff's electronic monitoring products to certain territories. There were no other parties to the Reseller Agreement besides Plaintiff and Specialized Location Services.

5. A payment dispute developed between the parties to the Reseller Agreement in March and April of 2020, resulting in Plaintiff claiming in this lawsuit that Plaintiff is owed a balance of $247,800.38, inclusive of interest at an aggressive interest rate. However, Plaintiff named

"Specialty Location Services" in this lawsuit, not my actual former business <u>Specialized</u> Location Services.

6. I dispute the total balance asserted by Plaintiff. <u>After</u> the parties' relationship ended in the Spring of 2020, and <u>after</u> the Plaintiff took over Specialized Location Services' relevant customers, Plaintiff *continued* to invoice Specialized Location Services, unfairly padding the alleged balance due.

7. Plaintiff also incorrectly argues that it is owed the value of the equipment at issue. However, it is my understanding that Plaintiff already collected the equipment in question in the process of taking over Defendants' customers. Therefore, Defendants owe Plaintiff nothing relative to the equipment.

8. Next, Defendant 911inet, LLC had <u>no</u> contract with the Plaintiff, <u>no</u> relationship with the Plaintiff, and, in fact, had *nothing to do with the Plaintiff or this litigation*. This can not be any more clear from the agreement itself. Therefore, Defendant 911inet, LLC does not owe Plaintiff any amount of money.

9. Specialized Location Services – the signatory to the Agreement at issue - ceased all business operations some time ago. Specialized Location Services has been out of business since 2020, and is now being formally dissolved as a limited liability company.

10. Specialized Location Services has no real property, no funds, and no tangible assets of any kind.

11. 911inet, LLC – a named Defendant in this case - was simply not a party to the Reseller Agreement at issue, and actually has no relevance to this litigation at all. This can not be any more clear from the agreement itself. At the time they filed the Complaint, Plaintiff knew full

well that Specialized Location Services was out of business, and they included 911inet, LLC in the Complaint only in an inappropriate effort to force a settlement payment.

12. In an attempt to pull 911inet, LLC into this case, Plaintiff argues that I failed to operate 911inet, LLC as a separate legal entity.  This is simply untrue, and Plaintiff has no real evidence to support this self-serving theory.  I always operated the two businesses separately.  Otherwise, I would have had just one business.  Whereas Specialized Location Services was formed in 2010, 911iNet, LLC. was formed nine years later on December 6, 2019 in Russell County, Alabama, and was assigned Entity ID Number 000-596–111 by the Alabama Secretary of State.

13. Plaintiff relies on the fact that both businesses, Specialized Location Services and 911inet, LLC, were located at the same address. That, in itself, is not nearly enough to support Plaintiff's accusation, as it is common in the business world for a person to have multiple businesses with the same address.

14. In addition, it is of zero consequence whether I ever e-mailed Plaintiff from a 911inet, LLC address or otherwise listed such address somewhere out of convenience.  I could have just as easily sent a communication to Plaintiff from my own personal account, or from a friend's or relative's account.

15. It also makes no difference that I was listed as the registered agent for both businesses.

16. I do not, and have never referred to 911inet, LLC and Specialized Location Services interchangeably. It would make no sense to do so because the services of each company are completely different. The services of Specialized were the monitoring of criminal offenders for compliance with court orders.  The services of 911iNet are as a 24-hour dispatch and two-way radio company.

17. Specialized Location Services and 911inet are not alter egos of one another and never were.

18. Specialized Location Services was not undercapitalized.

19. There was no transferring of assets and debts freely between the corporate Defendants.

20. Plaintiff's claim against 911inet, LLC is an inappropriate stretch that must be ignored. Holding a completely separate, unrelated entity like 911inet, LLC liable under these circumstances would set a highly troubling precedent.

21. Plaintiff argued that the Agreement provided that "Specialty" Location Services was the full legal name of the entity that signed the Contract and that it was a company duly organized and validly existing under the laws of Alabama. Plaintiff argued that this was a misrepresentation because "Specialty" Location Services was not a duly organized company.

22. However, the Agreement simply contained a typographical error.  As outlined in Defendants' papers filed on November 12, 2021, the correct name of the entity in question was "Specialized" Location Services (not "Specialty").

23. Specialized Location Services was, in fact, an authorized Domestic Corporation formed under the laws of the State of Alabama, with a formation date of December 29, 2010, Entity ID Number 000-266-119.  The Registered Agent was Javier Garcia, and the Registered Office Address was 2135 Interstate Drive, Suite 178, Opelika, Barbour County, AL 36801.  The listed nature of the business was to "PROVIDE SECURITY/LOCATION/SUPPORT SERVICES."

24. Therefore, Specialty Location Services was not a sham entity.

25. I have now also been named personally in the Amended Complaint improperly.

26. I personally was not a party to any contract with the Plaintiff.

27. I personally was not a guarantor of any party's obligations under any contract with the Plaintiff.

28. There was no intermingling of assets and debts of my own with those of the corporate Defendants.

29. I was never the alter ego of Specialized Location Services, LLC. or 911iNet, LLC.

30. I never disregarded the company form for either company, and I never acted as though either company's assets were mine alone.

31. Because 911inet, LLC and I should be removed from the case, and because Specialized Location Services no longer exists, this entire case should be dismissed.

Dated: March 13, 2022                    x_____
                                                                       Javier Garcia,
                                                                       911iNet, LLC.